**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALAN C. WILSON, : | |
| : | Civil Action No. 06-3143 (AET) |
| Plaintiff, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| OCEAN COUNTY DEP'T OF : | |
| CORRECTIONS a.k.a. OCEAN : | |
| COUNTY JAIL, : | |
| Defendant. : | |

**APPEARANCES:**

    Alan C. Wilson, Plaintiff pro se
    Ocean County Jail
    #41131
    120 Hooper Avenue
    Toms River, NJ 08753

**THOMPSON,** District Judge

    Plaintiff Alan C. Wilson, currently confined at the Ocean County Jail, Toms River, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint will be dismissed, without prejudice.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review.

Plaintiff seeks to sue the Ocean County Jail. He states that the jail has placed him in hazardous conditions that have caused him physical injury. Specifically, he states that on June 28, 2006, he was housed on the gym floor. On July 2, 2006, he slipped on the wet gym floor and injured his back. He also states that pieces of the ceiling have been falling on him while he sleeps, and that he is forced to eat and sleep on the floor. Plaintiff states that it is dangerous to walk on the gym floor wearing flip-flops since it is a polished surface and is slippery.

Plaintiff asks for a "change in living conditions," medical treatment for his injuries, and monetary damages.

## DISCUSSION

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321

(April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

3

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).[1]

---

[1] Moreover, the PLRA provides that no action may be brought with respect to prison conditions unless the prisoner has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).  Although exhaustion is an affirmative defense which must be plead by the defendant, a district court has inherent power to dismiss a complaint which facially violates this bar to suit.  See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).  In the instant case, Plaintiff affirmatively states that he has not sought administrative relief through the jail because "they are all aware of it and the damage is already done."  Therefore, his

B.     **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.     **Plaintiff Has Not Named A Proper Defendant.**

Plaintiff names the Ocean County Jail as the sole defendant in this action. However, this defendant is not a "person" for purposes of § 1983. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa.

---

complaint is subject to dismissal for failure to exhaust administrative remedies.

1976).  Local government units are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978). In the case of government agencies, liability will only arise when the entity sets forth a custom or policy, or fails to control or train its employees, amounting to deliberate indifference to the rights of the individuals with whom the employees have contact.  See Monell, 436 U.S. at 690-91; City of Canton v. Harris, 489 U.S. 378, 388 (1989); Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997).  The plaintiff has not set forth any facts demonstrating a custom or policy that amounts to deliberate indifference by the jail facility.

If Plaintiff does not know the exact identity of the defendants who were personally involved in the alleged violations against him, courts within this circuit have permitted "fictitious-defendant pleading."  See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted).  The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery.  See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998).  However, "fictitious parties must eventually be dismissed, if discovery yields no identities." Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998).

6

When a fictitious name is used, "the complaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served." Keno v. Doe, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977)(citations omitted).

Because Plaintiff has failed to name a proper defendant, his complaint will be dismissed, without prejudice, for failure to name a proper defendant.

**D.   Due Process Conditions-of-Confinement Claim**

Moreover, to sustain an action under § 1983, Plaintiff must allege that there was a violation of a right secured by the Constitution or laws of the United States.  Pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  See Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000).  Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979); see also Fuentes, 206 F.3d at 341-42.  In Bell, the Supreme Court explained:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...

7

>    Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
>    A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees <u>qua</u> detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  <u>See</u> 441

8

U.S. at 539 n.20. Nor are grossly exaggerated responses to genuine security considerations. See id. at 539 n.20, 561-62.

Further, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Rule 8, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston).

In this case, Plaintiff's claim that he slipped on the gym floor when it was wet indicates only negligence, and does not rise to a constitutional claim. Plaintiff does not allege any facts to indicate a constitutional violation with regard to overcrowding– Plaintiff merely states that he was assigned to sleep on the gym floor. Plaintiff asserts no facts concerning his statement that he seeks "medical treatment for injury now and future." Plaintiff does not claim that he has even sought treatment; nor does he claim that he sought treatment and was denied care. Thus, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim. See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without

prejudice, to permit Plaintiff to amend the complaint to make it plain).

## CONCLUSION

Because Plaintiff has not named a proper defendant, has affirmatively stated that he has not sought administrative remedies, and does not allege facts indicating a constitutional violation, his complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

                                                    s/ Anne E. Thompson
                                                    ANNE E. THOMPSON
                                        United States District Judge

Dated: 8/28/06