NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ALAN C. WILSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 06-3143 (AET) |
| OCEAN COUNTY DEPARTMENT OF CORRECTIONS a/k/a OCEAN COUNTY JAIL, et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

THOMPSON, U.S.D.J.

I.   Introduction

This matter comes before the Court upon the Motions for Summary Judgment brought by Defendants Snead and Hedin (collectively, "the Defendant Officers"), and by Defendants Ocean County Department of Corrections and Theodore Hutler (collectively, "the County Defendants"). The Court has considered the submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78.  For the following reasons, the Court will grant both Motions.

II.  Discussion

   A.   Background and Procedural History

On July 12, 2006, Plaintiff Alan C. Wilson, then an inmate at the Ocean County Jail, filed a Complaint against the Ocean County Department of Corrections a/k/a Ocean County Jail. Plaintiff alleged that the jail had placed him in hazardous conditions that caused him physical

injury. Specifically, he stated that on June 28, 2006, he was housed on the gym floor. On July 2, 2006, he slipped on the wet gym floor and injured his back. He also stated that pieces of the ceiling had been falling on him while he slept, and that he was forced to eat and sleep on the floor. Plaintiff also stated that it is dangerous to walk on the gym floor wearing flip-flops because it is a slippery, polished surface. Plaintiff sought a "change in living conditions," medical treatment for his injuries, and monetary damages.

On August 28, 2006, this Court dismissed Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to exhaust administrative remedies, failure to name a proper defendant, and failure to allege violation of constitutional rights. On September 25, 2006, Plaintiff filed a "Motion to Reopen and Amend Complaint," and on September 29, 2006, he filed a "Motion to Reopen Case." In both, Plaintiff sought to amend his Complaint to name various "John Doe" defendants, and alleged additional facts regarding the conditions of his confinement. On October 19, 2006, this Court granted the Motions.

Subsequently, the Defendant Officers and the County Defendants all filed Answers to Plaintiff's Complaint, including, inter alia, affirmative defenses of failure to exhaust administrative remedies. Defendants' Motions for Summary Judgment followed.

B.  Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and construes all facts and

inferences in the light most favorable to the nonmoving party.  Fed. R. Civ. P. 56(c); see also

Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

       C.      <u>Failure to Exhaust Administrative Remedies</u>

Both the Defendant Officers and the County Defendants argue that Plaintiff's claims against them must be dismissed for his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

In his original Complaint, as this Court noted, Plaintiff stated that he did not file any grievances regarding these claims, and thus did not exhaust his administrative remedies, because he has an "ongoing problem that has seemed to be ignored and they are well aware of it and the damage is already done!  'Injury' etc." (Compl. ¶ 5.)  In his Motion to Reopen and Amend the Complaint, Plaintiff stated that he:

> previously sought relief from administrative officials regarding this situation, and was told by them that "I would be moved when they are ready to move me" and "that writing a grievance would not do any good."  Also "this is what happens when you put 500 people in a jail built for 300."

(Pl.'s Mot. to Reopen and Amend Compl. 1.)  Plaintiff did not state that he had filed any grievances regarding his claims.

In opposition to the Motions for Summary Judgment, Plaintiff now argues that "all access to . . . grievances . . . had to go through first the officers, which frequently were ignored."  (Pl.'s Opp'n to the Def. Officers' Mot. for Summ. J. 3.)  Plaintiff also states that he did not utilize the

grievance procedure for these claims because he does not believe that it is a legitimate or legal process.  (Pl.'s Sur-reply to the County Defs.' Mot. For Summ. J. 2.)

The Third Circuit, however, does not recognize a futility exception to the PLRA's exhaustion requirement, and applies the PLRA literally.  See Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) ("[W]e are not prepared to read the amended language in § 1997e(a) as meaning anything other than what it says—i.e., that no action shall be brought in federal court until such administrative remedies as are available have been exhausted.") (quoting Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).  Thus, Plaintiff's arguments here that he did not file grievances because he was told that they would do no good, because the prison officers frequently ignore requests for access to grievance forms, and because he believes the grievance process is illegitimate, are unavailing.  As Plaintiff has not exhausted his administrative remedies as mandated by the PLRA, his claims against these Defendants must be dismissed.

III.    Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 30th day of August, 2007,

ORDERED that Defendants Snead and Hedin's Motion for Summary Judgment [29] is GRANTED; and it is further

ORDERED that Defendants Ocean County Department of Corrections and Hutler's Motion for Summary Judgment [36] is GRANTED; and it is further

ORDERED that Plaintiff's claims against the above-named Defendants are hereby dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e(a); and it is further

ORDERED that, within 45 days from the entry of this Order, Plaintiff may move to

reopen his case against the above-named Defendants, attaching to any such motion a proposed amended complaint that addresses the deficiencies of the Complaint as stated in this Memorandum and Order.

                                                s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.