NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALAN C. WILSON, | : | |
| Plaintiff, | : | Civ. No. 06-3143 (AET) |
| v. | : | **MEMORANDUM AND ORDER** |
| OCEAN COUNTY DEPARTMENT OF CORRECTIONS a/k/a OCEAN COUNTY JAIL, et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

      This matter is before the Court on Defendants Dr. Santangelo and Betty Peterson's (collectively, "Defendants") Motion to Dismiss Plaintiff Alan C. Wilson's Complaint. The Court has considered the unopposed submission of Defendants without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendants' Motion is granted.

BACKGROUND

      On July 12, 2006, Plaintiff Alan C. Wilson, then an inmate at the Ocean County Jail, filed a Complaint against the Ocean County Department of Corrections a/k/a Ocean County Jail, Officer Snead, Officer Hedin, and Theodore Hutler. Plaintiff's Complaint alleged, *inter alia*, a number of hazardous living conditions at the jail. Specifically, Plaintiff alleged that while he was housed on the gym floor, he slipped on the wet floor and injured his back, that he was forced to sleep and eat on the floor, and that pieces of the ceiling had fallen on him as he slept. Further, he alleged that it was dangerous to walk on the gym floor wearing flip-flops because the surface was

slippery and polished. Plaintiff sought a change in his living conditions, medical treatment for his injuries, and money damages.

On August 28, 2006, the Court dismissed Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to exhaust administrative remedies, failure to name a proper defendant, and failure to allege violation of constitutional rights. On October 19, 2006, the Court granted Plaintiff leave to reopen his case and amend his Complaint to name various "John Doe" defendants and allege additional facts in support of his conditions of confinement claims. On April 11, 2007, Plaintiff filed an amended Complaint, whereby he added Defendants Santangelo and Peterson, and otherwise noted that "[t]he only diffference in the present complaint are the name corrections." (Am. Compl. [docket no. 34].)

On August 30, 2007, the Court granted Defendants Ocean County Department of Corrections, Officer Snead, Officer Hedin, and Hutler's Motions for Summary Judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing his Complaint. On September 24, 2007, Defendants Santangelo and Peterson were served with the amended Complaint. Defendants' Motion to dismiss followed.

## DISCUSSION

A.   Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the Complaint must be accepted as true and viewed in the light most favorable to the plaintiff. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Id. A court may dismiss a complaint if it appears that a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

B.      Failure to Exhaust Administrative Remedies

Defendants argue that the Complaint must be dismissed because Plaintiff failed to exhaust all administrative remedies prior to filing the instant action, as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

As noted in the Court's prior Memorandum and Order, filed August 30, 2007, Plaintiff stated in his original Complaint that he did not file any grievances regarding his claims, and thus did not exhaust his administrative remedies.  The amended Complaint does not allege any subsequent attempt by Plaintiff to cure the defect by exhausting his administrative remedies.  The Third Circuit has held that the PLRA's exhaustion requirements are to be applied strictly.  See Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) ("[W]e are not prepared to read the amended language in § 1997e(a) as meaning anything other than what it says – i.e., that no action shall be brought in federal court until such administrative remedies as are available have been exhausted.") (quoting Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).  Thus, because Plaintiff does not appear to have filed any grievances or even made an attempt towards exhaustion of his administrative remedies as required by the PLRA, Defendants' Motion is granted.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 11th day of February, 2008,

ORDERED that Defendants Dr. Santangelo and Betty Peterson's Motion to Dismiss Plaintiff Alan C. Wilson's Complaint [66] is GRANTED.

                                                                                                                     s/ Anne E. Thompson
                                                                                                                  ANNE E. THOMPSON, U.S.D.J.